The Chief Justice

delivered the Opinion of the Court.
In an action of debt, brought in the name of John Boyd, for the use of Robert Berry, against Joseph Dean—in which the declaration averred that, the bond sued on had been executed by Joseph Dean to the “said Joseph Dean,” and had afterwards been sold by Boyd to Berry—Dean filed a plea in abatement, averring that Boyd was a non-resident of Kentucky, and had failed to file, according to the statute, a bond securing the costs:
The Circuit Judge, having sustained a demurrer to the plea, rendered judgment against Dean, for the debt, on his refusing to plead over.
As the plea is in proper form, the principal question for revision on this writ of error, is whether the fact that the nominal plaintiff is a non-resident, is sufficient for abating the action, when the plea virtually admits the allegation that Berry is the benefical party, and does not allege that he also is a non-resident.
The statute of 1793 (Stat. Law, 262,) provides, “that “no suit shall hereafter be commenced in any court with“in this Commonwealth, by a non-resident, until he shall “file in the Clerk’s office of such court, bond, with suffi“cient security who shall be a resident of this State, con“ditioned for the payment of all costs,” &c.
It is too well settled by judicial authority, to be now controverted, that, when a non-resident shall have commenced a suit without having filed the prescribed bond for costs, his omission to deposit the required security may be pleaded in abatement of his writ.
But this is an extremely technical doctrine, the extension of which beyond the letter of the statute, is neither required by its objects, nor deemed scarcely consistent with them. Had there been no adjudication on the subject, we should have been inclined to the conclusion that/ *170 the proper mode of attaining the end of the enactment, would be by a rule or motion for security, and not by a peremptory plea, which must abate the writ, even though the security should be tendered, or shall have been actually given after the commencement of the suit. We will not, therefore, sustain such a plea in a case in which the action has not in fact, been commenced by a non-resident, but has been brought by a resident for his own exclusive benefit, though in the name of a non-resident. In such a case the non-resident, who is the nominal plaintiff, may have had no agency in bringing or prosecuting the suit, which had, therefore, be enliterally “commenced” by the beneficial and substantial plaintiff, and who, being a resident, might be required by attachment, to pay the costs.
As a party for whose use a suit is brought in another’s name, is liable for costs indirectly only, and not to any judgment in the suit—the court may require a bond to be acknowledged in court, and filed, which shall secure the direct liability of a resident surety.
A declaration in debt, in which the note sued upon, is described as the note of J. D. to the said J. D. is bad. Nor can it be presumed that this is a clerical error, when there is nothing in the record showing that the note is not so written. Nor can this court so determine, upon finding a note payable to the plt’f. copied in the record, but which is not made part of it by oyer. Nor does an averment that J. B. (nominal plt’f.) sold the note to J. B. (for whose use the suit is,) help the declaration; as it does not show that the note was payable to J. B. and not to J. D.
Whether the plea would have been good, if it had averred that Berry was not really a beneficial party, or had not in fact, “commenced” the suit for his own benefit, we need not now decide or intimate. We are of the opinion that the plea, as filed, is not sufficient for abating the writ.
But, as Berry would be only liable indirectly for costs, and the nominial plaintiff alone would be subject to a direct judgment in the action—we are of the opinion that, the Circuit Court might, upon motion or otherwise, require that, before the suit shall be prosecuted further, the costs shall be secured by an express and sufficient obligation, acknowledged and filed in Court, either by Berry himself or by some other resident of this State. This will effect all the objects of the statute and is perfectly accordant with the principles of the common law and with established practice in analogous cases.
The plaintiff in error insists, however, that the declaration is radically defective, and that, therefore, even if the plea be insufficient, the Circuit Judge erred in sustaining the demurrer to it.
The declaration is, in our opinion, insufficient for maintaining the action; for though it may not be improbable that there is a mistake in the averment that the bond was *171 executed by Joseph Dean to the “said Joseph Dean;” yet, nevertheless, we cannot, without any clue whatever, decide judicially, either that the bond is not so written, or that John Boyd is or was intended to be the obligee.— The averment, that John Boyd sold the bond to Robert Berry, cannot help the declaration; for that fact does not show that Boyd was the obligee, or had legal, authority to transfer the obligation.
A dem’r to a plea in abatement, cannot be overruled for a defect in the declaration; for the plea applies to the writ only.
No judgment can stand upon an insufficient declaration.
Nor can the exhibition, in the record, of a bond of the same date and for the same amount, payable on its face to John Boyd, be entitled to any influence; because, as no oyer was either granted or craved, that bond is not legally before us, and cannot, therefore, be judicially noticed.
But, though the declaration thus appears to be insufficient, still the demurrer to the plea did not bring up the count, or authorize the Circuit Court to consider it; because a plea in abatement applies to the writ only.
Wherefore, the Circuit Judge did not err in sustaining the demurrer to the plea in abatement.
But, as the declaration is insufficient, the Court erred in rendering judgment for the debt sought to be recovered.
And therefore, the judgment must be reversed, and the cause remanded with instructions to give leave to amend the declaration, if the plaintiff shall ask such leave; otherwise to dismiss the suit.