DENNIS J. LOGSDON *v.* JAMES W. WOODARD.

**Attachment.**
>    Before a judgment creditor can successfully attach and subject the property of his judgment debtor to the satisfaction of his claim, he must have execution on his judgment and a return of no property found for such part of the judgment as the creditor seeks to have satisfied by his attachment.

**Judgment—Description of Real Estate Adjudged to be Sold.**
>    Where a judgment for the sale of real estate fails to describe the land adjudged to be sold, such judgment will be reversed.

APPEAL FROM HART CIRCUIT COURT.

March 1, 1877.

OPINION BY JUDGE ELLIOTT:

The appellee brought suit against the appellant and obtained a judgment on same for the sum of over one hundred seventy dollars. On this judgment he caused an execution to issue which was levied, as appellee avers, on some several tracts of land as the property of appellant. He, however, did not proceed to sell the property levied on, but brought this suit instead, in which he charges that appellant

had fraudulently mortgaged and disposed of his property with the intent to cheat, hinder and delay his creditors, and upon these allegations he asks and obtains an attachment against the estate of appellant. His attachment was levied on two or three tracts of land, on one of which appellant resided at the time.

The appellant answered and negated all fraudulent disposition of his property, or any fraudulent purpose to dispose thereof, and afterwards the appellant left the premises on which he resided at the time of the levy of appellee's attachment thereon.

During the progress of the trial the appellee took one deposition, by which he proved that appellant had left the premises and county during the pendency of this suit, and whether with an intention to return was not disclosed. On the pleading and this deposition the court rendered judgment sustaining appellee's attachment and ordering the land on which appellant resided when it was sued out to be sold in satisfaction of appellee's claim.

This judgment cannot stand. The appellant has failed to show by a return of no property found on his common-law execution that his remedy was not full and complete at law. In fact, his pleadings show that the property of appellant had been levied on to satisfy his execution debt, and he fails to show what disposition was afterwards made of the levy.

Before a judgment creditor can successfully attach and subject the property of his judgment debtor to the satisfaction of his claim by a suit in equity, he must have his common-law execution issued and delivered to the proper officer of either the county of the debtor's residence or the county in which the judgment was obtained; and by this officer there must be a return of no property found for such part of the judgment as the creditor seeks to have satisfied by his equitable suit. This was not done in this case, and the court should have dismissed appellee's petition. In order to reach a debtor's equitable estate the creditor must show that he has exhausted his common-law remedy against the debtor's legal estate. Sec. 474, Civ. Code.

But it is insisted that the appellant did not demur to the appellee's petition, that therefore the judgment should stand. In answer to this position we have only to say that this court in the case of *Dean v. Boyd*, 9 Dana 170, ruled substantially that no judgment can stand upon an insufficient pleading, and the same doctrine has been held by this court repeatedly since.

The judgment was defective, anyway, as it failed totally to describe

the land adjudged to be sold, and for that reason the judgment should be reversed and sale annulled.

Wherefore the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Read & Martin, for appellant.    Craddock & Donan, for appellee.*