JOHN G. EGGAN v. L. M. BRIGGS AND WM. WATSON, *Partners as Briggs & Watson.*

1. GUARANTY *of Promissory Note; Presumptions; Practice.* Where an action is commenced before a justice of the peace and appealed to the district court, where the last trial is had, and the only pleading filed in the case is a bill of particulars, which was filed by the plaintiff in the justice's court, and this bill of particulars set forth a cause of action upon a written guaranty, indorsed upon a promissory note, guaranteeing the payment of such note; and the plaintiff is not the payee of the note

and neither the note nor the guaranty shows who owned the note, and no affidavit was filed "denying the execution of such instrument," or "the making of such indorsement;" therefore, *held*, that the defendant by failing to file said affidavits, admitted conclusively "the execution of such instrument," and "the making of such indorsement," and admitted *prima facie* all that such note and indorsement would reasonably prove; by way of inference, presumption or implication, but that by such failure he did not admit that the plaintiff was the owner of said note, or that he had any interest therein, or that he had a right to collect the same.

·2. PURCHASER OF PROMISSORY NOTE, *Does Not Become Owner, When.* Where a person purchases a promissory note after due, from an attorney at law, who, as such person knows, has no authority to sell the same, but who has it in his possession merely for collection, such person does not thereby obtain any ownership in the note, or any interest therein, or any right to collect the same.

3. POSSESSION; *Ownership; Evidence.* Possession of a note (where it does not appear upon the note who the owner thereof is) is *prima facie* evidence of ownership; but it may be shown by evidence that the person in possession is not the owner of the note.

## *Error from Atchison District Court.*

ACTION brought by *Eggan* against *Briggs* and another, on a written guaranty for the payment of a certain promissory note. Trial at the January Term, 1878, of the district court, and judgment for the defendants. *Eggan* brings the case here. The opinion fully states the facts.

*Greenlee & Jackson,* for plaintiff in error :

The execution of the contract of guaranty, as set forth in plaintiff's bill of particulars, was admitted, and there was no issue authorizing evidence to be introduced. ( 3 Kas. 295 ; 8 id. 376 ; 10 id. 103, 112 ; 11 id. 447 ; 9 id. 405 ; 20 id. 200. See also 21 Kas. 181 ; 18 id. 266, 19 id. 206 ; 16 id. 350 ; 6 Ind. 309 ; 11 id. 189 ; 10 id. 305, 369.) The defendants admit the contract. Plaintiff is in possession of the note, and entitled to recover. (7 Reporter, 474 ; 2 Daniel on Neg. Inst., §§ 1192, 1195, 1200 ; Bliss on Code Pl., § 51, and cases cited ; 54 Ala. 120.) Possession entitles the holder to sue and recover. (Daniel on Neg. Inst., §§ 573, 691, 695, 812, 813, 1200 ; 3 Gray, 412.)

Under the pleadings, the plaintiff was entitled to sue in his own name. (20 Iowa, 481–485; 3 Kas. 265; 44 N. Y. 340, 229.)

*Everest & Waggener,* for defendants in error:

Plaintiff in error, as the evidence and findings of fact show, never became the owner of the note executed by Chapin, and could maintain no action founded on the guaranty indorsed thereon. Flint, as such attorney, holding the note for collection only, had no authority to receive anything but money for the payment thereof, as an attorney at law has no right to receive anything but money in satisfaction of a demand placed in his hands for collection, unless specially authorized to do so by his client. (18 Kas. 561; 1 G. Greene, 360; 36 Mo. 168; 2 Wis. 1; 3 Ohio St. 528; 18 Ohio, 411; 36 Me. 149; 39 Md. 485; 14 Pa. St. 88; 29 id. 401; 34 id. 315; 58 id. 196; 2 Jones, 159; 1 Pa. 264; 6 Ind. 216; 1 id. 329; 3 id. 327; 8 Blackf. 291; 55 Mo. 405; 36 id. 150; 56 id. 465; 39 Barb. 645.)

The principle of law is well settled that one who buys a note, bill or other negotiable security, even *bona fide,* and for value, *after it is due,* from one who has no title to it, acquires no title thereto as against the true owner. (6 Wall. 492; 8 Ga. 421.)

Flint, as an attorney at law, had no right even to compromise or settle said claim without special authority therefor from the true owner of the note. (11 Kas. 562; 23 Mo. 387; 7 Cranch 436–452; 9 Pa. St. 315.)

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced before a justice of the peace, appealed to the district court, brought on petition in error to the supreme court, (*Briggs v. Eggan,* 17 Kas. 589,) reversed, and remanded to the district court, again tried in the district court, and again brought to the supreme court on petition in error. The last trial of the case was by the court, without a jury, and special findings both of law

and fact were made, and judgment was rendered in favor of the defendants, Briggs & Watson, and against the plaintiff, John G. Eggan, for costs. The only pleading filed in this case, and upon which the case was tried, was a bill of particulars filed by the plaintiff, Eggan, in the justice's court. This bill of particulars set forth the plaintiff's cause of action, which was upon a written guaranty indorsed upon a promissory note. The bill of particulars gave a copy of the note and guaranty, and alleged their due execution, which note and guaranty are in words and figures as follows:

[Note.]

"$127.— On or before the first day of October, I promise to pay Briggs & Watson, or order, the sum of one hundred and twenty-seven dollars, for value received.

"FARM, April 22, 1870.                    D. M. CHAPIN."

[Indorsement.]

"JULY 26, 1870.—We, the undersigned, guarantee the payment of the within note.          BRIGGS & WATSON."

No affidavit was filed "denying the execution of such instrument, or the making of such indorsement," and hence they must be taken as true without any proof thereof. (Justice's Code, §84, Comp. Laws of 1879, p. 716; *Alvey v. Wilson*, 9 Kas. 405; *Pears v. Wilson*, ante, p. 343.) And all that they will reasonably prove by way of inference, presumption or implication must also be taken as true, unless the contrary is shown. Thus far we think counsel agree, but beyond this they differ.

Plaintiff's counsel seem to claim that the defendants by their failure to file any affidavit as aforesaid, or any bill of particulars, admitted conclusively the whole of the plaintiff's case; while the defendants' counsel claim that the defendants by such failure admitted nothing conclusively, except "the execution of such instrument," and "the making of such indorsement," and that they admitted nothing further, even *prima facie*, except what this instrument and this indorsement would reasonably prove. We agree with counsel for the defendants. The failure to file a bill of particulars in a justice's court admits nothing. (*Ziegler v. Osborn*, ante, p. 464.) And

the failure to file an affidavit as above mentioned admits nothing, except the execution of a written instrument, the making of an indorsement thereon, or the existence of a partnership, when these things are set forth and alleged in the plaintiff's bill of particulars. (See also *Stanley v. Farmers' Bank*, 17 Kas. 592, 596.)

The facts of this case as shown by the findings of the court below, and the evidence, are substantially as follows: That on April 22, 1870, D. M. Chapin, of Nemaha county, Kansas, executed and delivered to Briggs & Watson, of Muscotah, Kansas, the said promissory note for the sum of $127, payable on the first day of October, 1870; that before the maturity of the note, Briggs & Watson transferred the same to the firm of Briggs & Enoch, of Rockford, Illinois, and as a part of the same transaction, indorsed said note as follows:

"JULY 26, 1870.—We, the undersigned, guarantee the payment of the within note. BRIGGS & WATSON."

That after the maturity of the note, sometime in the year 1871, Briggs & Enoch sent the note by express to the agent at Centralia, Nemaha county, Kansas, with directions to collect the same of Chapin, or turn over the note to some responsible attorney at law for collection; that one Baldwin was the express agent at Centralia, and received the note for the purpose of collection; that the note was past due at the time, and said agent, in accordance with his instructions, delivered the note to one A. M. Flint, who was then an attorney at law at said place; that the note was delivered for the purpose only that said Flint as such attorney should collect the same; that said Flint was, at said time and place, an attorney at law, and received said note for the purpose of collecting the same; that when Flint received the note for collection it was long past due, and he never received any direction, power, or authority whatever to sell or transfer said note, but was directed as an attorney at law to collect the same from the maker thereof; that Flint had no title to said note, but only authority as an attorney at law to collect the money due thereon, and transmit the proceeds thereof to said Briggs & Enoch, the own-

ers of said note; that Flint, after receiving the note for the purpose of collection only, attempted to sell the same, and did deliver it to the plaintiff on or about the 11th day of April, 1871, and as a consideration for such pretended sale, Flint took Eggan's negotiable note, payable to Flint for $130; that Flint also received from Eggan a chattel mortgage on a lot of farming traps and machinery, to secure the payment of Eggan's note to him; that the plaintiff John G. Eggan, before and at the time he claims to have purchased said note from Flint, well knew and had full knowledge that Flint was an attorney at law, and had said note in his possession for the purpose of collection only, and well knew that Flint had no title whatever to said note, or the guaranty thereon; that the farming traps mortgaged by plaintiff to Flint to secure his (plaintiff's) note to Flint were afterward delivered to Flint and held by him; that the firm of Briggs & Enoch never knew of said pretended sale of said note by Flint to plaintiff, until after the commencement of this suit, and never at any time or in any manner ratified or adopted any act of Flint, connected with said pretended sale, and never received any proceeds or benefits therefrom, or by reason thereof; that the firm of Briggs & Watson never made any contract of guaranty of payment, or any guaranty whatever to plaintiff, of said note, and never executed or delivered any guaranty or indorsement to plaintiff, and never transferred or delivered said note to plaintiff; that the said firm of Briggs & Enoch claims the payment of said note by reason of the guaranty thereon from said firm of Briggs & Watson; that the defendants never promised to become bound to plaintiff for the payment of said note, and never assumed the payment thereof to him; that no payments have been made on said note or on said contract of guaranty, and at the maturity of the note, the maker thereof, D. M. Chapin, was wholly insolvent

As conclusions of law upon the findings of fact and evidence on the trial of said case, the court found that the plaintiff was not the owner of said note, and had no right to recover from the defendants by reason of the guaranty thereon;

that the plaintiff never acquired any title to said note, or any guaranty thereon, and wholly failed to show any right to recover in said action; that the firm of Briggs & Enoch, ever since July 26, 1870, has been, and now is, the lawful owner and holder of said note, and the indorsements and guaranty thereon; that Flint had no right, power or authority to sell, transfer or deliver said note or indorsements thereon to plaintiff; and that the defendants were entitled to judgment against plaintiff for all costs in said action in their behalf paid out and expended; and judgment was given and entered for such costs. No exceptions were taken to any one of said findings of fact or conclusions of law; but a motion was made, however, for a new trial upon various grounds, including alleged errors in making said findings and conclusions.

We think, however, that the findings and conclusions were correct, and that they sustain the judgment rendered upon them. Indeed, we do not think that the court below erred in any particular. Under the pleadings, we think the defendants had the right to show that the plaintiff did not own said promissory note, and that he did not have any right to collect the same; and we think they did show it. Said promissory note, and the indorsement thereon, did not show that the plaintiff owned the note, or that he had any interest therein, or that he had any right to collect the same. They did not show who did own the note; hence, proof that Briggs & Enoch owned the note was not a contradiction of the terms of said note, or of said indorsement, but was perfectly in accordance therewith; and Briggs & Enoch did own the note, and not the plaintiff. The purchase of the note by the plaintiff after it was due, from a person that the plaintiff knew had no authority to sell it, but who had it merely for collection, could certainly give no property in it, or right to it, to the plaintiff. An attorney at law receiving a promissory note for collection has no authority to sell it. (See authorities cited by counsel for defendants, and also *Hannon v. Houston*, 18 Kas. 561; *Marbourg v. Smith*, 11 Kas. 554, 562.) And if he does sell it under such circumstances as existed in this case, the

purchaser gets no title to it, or interest in it. We agree with counsel for plaintiff, that possession of a note, where the note itself and the indorsements thereon do not show who the owner is, is *prima facie* evidence that the person in possession is the owner, and has a good title to it; but where the note does not in fact belong to such person, such possession does not prevent the owner of the note, or the payer thereof, or any other person having an interest therein, from showing that the person in possession is not the owner of the note, and that he has no right, title or interest in it, or to it. And we do not suppose that counsel will claim that a person who has no interest in a note, and no authority from the owner concerning it, can collect the amount thereof, although he may in fact be in the actual possession thereof.

The judgment of the court below will be affirmed.

All the Justices concurring.