## W. H. CARNAHAN v. WALTER LLOYD.
### No. 114.

1. EVIDENCE — *Demurrer Improperly Sustained.* When there is competent evidence fairly tending to prove the allegations of the plaintiff's petition, and the petition states a cause of action, it is error to sustain a demurrer to the plaintiff's evidence on the ground that no cause of action is proved.

2. VARIANCE — *Cured by Amendment.* A technical variance between the evidence and the pleadings, which could not mislead nor prejudice the rights of the opposite party, should be cured by amendment, and when such amendment has not been made, it will, in furtherance of justice, be considered as made in this court.

3. PROMISSORY NOTE — *Burden of Proof.* An unverified general denial puts the burden of proof of an allegation of ownership upon the plaintiff in an action upon a note payable to order but not transferred by commercial indorsement.

4. ———— *Possession Implies Ownership.* Possession by the plaintiff of a note which is the subject-matter of the action is *prima facie* evidence of ownership.

5. ASSUMPTION OF MORTGAGE — *When Action Accrues.* When the grantee of mortgaged premises assumes and agrees to pay the mortgaged debt as a part of the purchase price, without specifying any time for payment, no cause of action accrues against him until the debt assumed becomes due and payable according to the contract of the original parties.

MEMORANDUM.—Error from Sheridan district court; CHARLES W. SMITH, judge. Action by W. H. Carnahan against Walter Lloyd to recover on an agreement to assume and pay a real estate mortgage. Judgment for defendant. Plaintiff brings the case to this court. Reversed. The opinion herein, filed October 9, 1896, states the material facts.

*M. A. Chambers,* for plaintiff in error.
*Bond & Osborn,* for defendant in error.

The opinion of the court was delivered by

GARVER, J. : April 25, 1889, the defendant, Walter Lloyd, purchased a tract of land from one James

Rominger, the deed of conveyance therefor reciting that it "was subject to a mortgage of $350 now on said land, which said mortgage said grantee assumes and agrees to pay." This action was commenced against Lloyd on said agreement October 25, 1894. The note and mortgage evidencing the debt alleged to have been assumed were executed March 1, 1888, by James Rominger in favor of W. H. Lichty, and called for the payment of said sum of $350, with interest, in five years thereafter. In the petition, the plaintiff alleged the execution of the note and mortgage, the nonpayment thereof, their transfer and delivery to the plaintiff by W. H. Lichty, and the plaintiff's present ownership. The trial court sustained a demurrer to the plaintiff's evidence, which ruling is now here for review.

In support of the ruling of the court, several matters are urged as showing that the plaintiff failed to introduce evidence tending to prove his right to recover. It is contended that the evidence does not show that the mortgage debt referred to in the deed of conveyance from Lichty to Lloyd was the same debt as that evidenced by the note and mortgage referred to in the petition; that there was no evidence tending to prove the plaintiff's alleged ownership; and that the plaintiff's cause of action was barred by the five years' statute of limitations. We think the evidence of the plaintiff showed, without much room for question, that the mortgage indebtedness referred to in the deed from Rominger to Lloyd was the identical debt sued for in this action. While there was a second mortgage upon the same premises, the evidence shows that it was to secure the sum of $70, and was probably a commission mortgage executed between the same parties, at the same time, and regarded as

a part of the $350 loan. The maker of the mortgage — the grantor in the deed to Lloyd — testified that this was the only mortgage on the land at the time of said conveyance. We are unable to see how, under this evidence, it can be reasonably said that the agreement of the defendant did not relate to this particular mortgage indebtedness.

The petition described the note by giving the date, the names of the maker and payee, and its amount. There was also attached to the petition copies of the note and mortgage with the indorsements thereon of the several written assignments through which the title became vested in the plaintiff. These written assignments on their face purported to transfer the mortgage debt to the plaintiff. The note introduced in evidence, being the one shown to have been secured by the mortgage referred to in the Rominger deed, is the original of the copy attached to the petition, and is the identical note of which the plaintiff alleged himself to be the owner. The objection that the petition alleged that the note was transferred and delivered by Lichty, the original payee, to the plaintiff, instead of alleging also the several intermediate transfers, we think is too technical to justify in itself the ruling of the court. If an amendment in this respect was necessary, this court, in furtherance of justice, will consider such an amendment made, for it is evident that no one has been misled to his prejudice.

As the note was not transferred to the plaintiff by a commercial indorsement, his allegation of ownership was put in issue by the general denial of the defendant; and it devolved upon the plaintiff to prove this allegation of his petition by competent evidence. (*Washington v. Hobart*, 17 Kan. 275.) But possession of the note is *prima facie* evidence of ownership. (*Eg-*

*gan v. Briggs*, 23 Kan. 710; *O'Keeffe v. National Bank*, 49 id. 347.) The record shows that the plaintiff had possession of both note and mortgage upon the trial, and that they were introduced in evidence by him. This made out a *prima facie* case, and was sufficient, in the absence of other evidence, on which to base a recovery.

Was the plaintiff's action barred by the statute of limitations? The debt which the defendant assumed did not, by its terms, mature prior to March 1, 1893. It is true the mortgage provided that, in default of payment of interest, as it matured semiannually, the holder of the mortgage, at his option, might declare the whole sum due and payable. But it does not appear that such option was exercised prior to January 17, 1893, when an action to foreclose the mortgage was commenced. The statute of limitations would not run in favor of the defendant prior to the time when the debt which he had agreed to pay became due and payable. It is contended that the holder of the mortgage could have maintained an action against Lloyd at any time after April 25, 1889, the date of his assumption and agreement. We think otherwise. The case of *Schmucker v. Sibert*, 18·Kan. 104, on which counsel for defendant rely, does not support such a proposition. In that case the mortgaged premises had been conveyed after the maturity of the mortgage debt which the grantee had assumed, and the court simply held that the statute of limitations began to run as to the grantee from the time when his agreement was made, and not from the time when the original debt matured. It is plain that the holder of the note and mortgage could not maintain an action thereon prior to the time when, by their terms, they were payable. The agreement of the grantee,

Lloyd, was to discharge that debt; and, in the absence of evidence to the contrary, it will be conclusively presumed that he assumed no greater or different obligation than that originally contracted by his grantor.   The contract as to time of payment remained unchanged.   The plaintiff, as holder, had no cause of action against either the maker of the note or against the grantee upon his assumption of payment until there was a default in making payment according to the terms of the contract under which the debt matured.   An agreement to pay a debt, no time being specified, is an agreement to pay it when due ; or, if already due, then forthwith.   (*Braman v. Dowse,* 12 Cush. 227 ; *Furnas v. Durgin,* 119 Mass. 500.) The liability which Lloyd incurred was a payment to be made in the future, and, until that time, no cause of action existed against which any statute of limitations could run.   (1 Wood, Lim. § 165.)

For the foregoing reasons the judgment will be. reversed, and the case remanded for a new trial.

All the Judges concurring.