W. T. BRANCH, *Assignee of the Security Investment Company*, v. THE AUGUSTA NATIONAL BANK, OF AUGUSTA, ME.

### No. 171.

PROMISSORY NOTE—*payee's agent obtaining credit by unauthorized transfer of, assigned in blank, right of innocent holder extending credit paramount to payee's.* Where a promissory note, assigned in blank, is deposited with a person to be sold by him for the benefit of the payee; and such person delivers it to a a third person, as a basis of credit which is extended in excess of the amount due on the note; and the third person had no reason to doubt that the bailee was the real owner thereof until after the credit had been extended; *held*, that the payee cannot recover the proceeds of the note, as against the holder.

Error from Osborne District Court. Hon. Cyrus Heren, Judge. Opinion filed June 16, 1897. *Affirmed.*

*D. M. Thorp, V. H. Branch*, and *J. W. Tucker*, for plaintiff in error.

*Pulsifer & Alexander*, for defendant in error.

BRANCH v. NATIONAL BANK.            441

June 16, 1897.        Opinion.   Wells, J.            C. Div.

WELLS, J.   On March 12, 1888, Benjamin E. Clark and Lydia C. Clark his wife, executed to the Security Investment Company, a corporation of Cawker City, Kan., their promissory note for eleven hundred dollars, with interest coupons attached, secured by a mortgage on real estate in Osborne County, Kansas.   On the twentieth day of the same month, the payee, by its secretary, assigned said note, coupons and mortgage, in blank, and delivered them to the Union Investment Company, a corporation of Kansas City, Mo., for sale. Said Union Investment Company did not in fact sell said notes, but about August 5, 1890, without the knowledge or consent of the Security Investment Company, transferred them to M. V. B. Chase, a director of the Augusta National Bank of Augusta, Me., as collateral security for the debts of the Union Investment Company to said Augusta National Bank. Said Augusta National Bank had no knowledge that the Union Investment Company was not the owner of the notes, and by reason of said pledge it assumed an obligation, which it was required to pay, in excess of said security.   On February 7, 1891, said Security Investment Company made an assignment of all its property to W. T. Branch, the plaintiff in error, who has, ever since said date, been the duly qualified and acting assignee of said company.

The only question in this case was, whether the plaintiff in error, as assignee of the payee company, or the Augusta National Bank, was entitled to the proceeds of said note and coupons ; the money having been paid into court by the maker thereof.   The court below found in favor of the Augusta National Bank, and the assignee brings the case here on proceedings in error.

The first assignment of error is, that the court improperly admitted evidence on behalf of defendant in error, over the exceptions of plaintiff in error. In making his brief upon this assignment, the plaintiff in error entirely ignores that part of rule six of this court, which reads as follows: "When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected." This rule is necessary for the expedition of the business of this court, and should be complied with; but in this case we have patiently searched each of the pages referred to for some reversible error, and have not succeeded in finding it. A careful perusal of the evidence has satisfied us that there was some evidence upon which the court was authorized to find as it did, and the judgment will be affirmed.