Parker v. Gilmore.

---

WALTER PARKER V. SHERIDAN GILMORE, RUFUS CONE, as *Sheriff*, J. B. CHANDLER, VERNE MAULSBY, AND A. W. REED.

No. 783.   (63 Pac. 20.)

1. SPECIAL FINDINGS— *General Verdict—Inconsistency.* Where special findings necessary to the support of the general verdict are contrary to the evidence, the verdict cannot be upheld.

2. PROMISSORY NOTE—*Possession—Presumption.* The mere possession of a negotiable instrument, produced in evidence by the indorsee, imports *prima facie* that he acquired it *bona fide*, for full value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity, and that he is the owner thereof and entitled to recover the full amount against all prior parties.

Error from Sedgwick district court; D. M. DALE, judge.   Opinion filed December 15, 1900.   Reversed,

*J. V. Daugherty*, for plaintiff in error.
*Amidon & Conly*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :   The plaintiff in error as plaintiff below sought by replevin to recover the possession of a pacing stallion, called "Wichita Tom," which he claimed under a chattel mortgage, and which had been seized by Rufus Cone, as sheriff of Sedgwick county, Kansas, under an order of attachment issued in an action brought in that county by Sheridan Gilmore against Robert Reed.  The mortgage was executed on June 18, 1895, in Wichita county, Texas, by A. W. Reed, a resident of that county, and was delivered by him to the City National Bank of Wichita Falls, Texas, to secure the payment of a promissory note given that day by Reed to the bank for the sum of $238.48, and payable twelve months after its date. The mortgage stated that the note was given as a renewal of a note executed by Reed to the plaintiff in error on July 17, 1891, and that the last-named note was secured by a chattel mortgage upon the stallion. The mortgage in the present action was duly filed for record on the next day after its execution, and the note secured thereby was subsequently duly indorsed and delivered to the plaintiff.   The mortgage was in the form of a trust deed, one Frank Dorsey being the trustee, and the Bank of Wichita Falls the beneficiary. The mortgage provided that if for any reason the trustee should be unwilling or unable to perform the duties therein imposed upon him, then the holder of

the note might appoint a substitute. Dorsey died before the commencement of this action, and no substitute was appointed by the plaintiff, the holder of the note.

The claim of the defendant Gilmore, upon which his attachment action was based, was for money advanced for entrance fees at various races where the mortgaged horse was entered, and for the expenses of transporting the horse from place to place. At the time the horse was mortgaged it was in Hill county, Texas, in charge of Robert Reed, a brother of the mortgagor, and the arrangement whereby Gilmore furnished the money was made between him and Robert Reed, and probably two or three months after the filing of the mortgage. It was agreed between Robert Reed and Gilmore that the latter was to be reimbursed from the winnings made by the horse, if any, and that Gilmore was to retain possession and control of the horse until he should be repaid. It does not appear that either the plaintiff or the mortgagor was aware of or participated in any way in the said arrangement between Robert Reed and Gilmore. The latter, in December, 1895, shipped the horse to Wichita, Kan., and shortly afterward instituted his attachment suit. Several verdicts were returned in favor of the defendants Chandler and Maulsby, and jointly in favor of the defendants Gilmore and Cone; the latter verdict being in the alternative and fixing the amount of Gilmore's recovery at $418.40, in case a return of the property, which had been delivered to the plaintiff at the commencement of the action, could not be had. There was a verdict also for the plaintiff as against the defendant A. W. Reed. The judgment of the trial court followed the verdict in favor of Gilmore and Cone, and

34—10 KAN. APP.

adjudged the costs of the action against the plaintiff. No judgment was rendered upon the other verdicts. The court instructed the jury to find in favor of the plaintiff as against A. -W. Reed, since the latter's answer admitted all of the allegations of the petition. -

The defendant A. W. Reed has not been served with a summons in error. A motion to dismiss the proceedings in error has been filed, one of the grounds being that Reed is a necessary party to such proceedings. As already stated, he is not named as a party to the judgment rendered in the action. The judgment may be somewhat irregular in this respect, but it is not complained of by the defendants in error. We have examined the other grounds of the motion to dismiss and think it must be overruled.

Counsel for plaintiff in error contend that the jury made two material special findings which are entirely contrary to the evidence. The findings complained of are that A. W. Reed was not the owner of the horse at the time of the execution of the note and mortgage upon which the plaintiff's action rests, and that there was nothing due on the said note at the time of the trial. The record shows that under the law of Texas and under the terms of the mortgage the note became due immediately upon the removal of the mortgaged property from that state. There was positive testimony that A. W. Reed owned the horse at the time he gave the mortgage, and that he had been in possession of the horse as its owner for several years prior thereto. The chattel mortgage states that the same horse was mortgaged by A. W. Reed in 1891 to secure the promissory note held by the plaintiff in error, and that such mortgage was duly recorded. The defendant Gilmore did not obtain possession of the horse until October 21, 1895, about four months after the

chattel mortgage was duly recorded. It is true that there is testimony showing that, some weeks or months after the mortgage was recorded, Robert Reed, who was in possession of the horse, claimed to own it. This evidence does not tend to negative the testimony that A. W. Reed was the owner of the horse at the time the mortgage was given. The finding. of the jury is clearly contrary to the evidence.

The finding that nothing was due on the note held by the plaintiff is complained of. The answer of A. W. Reed admitted the allegation of the petition which alleged that the note given by him and owned by the plaintiff was entirely unpaid, and the court instructed the jury to find for the plaintiff under such admission, which was accordingly done. The note, by its terms, was not due for several months after this action was commenced, and it was not claimed by the plaintiff that it was due, except by reason of the terms of the mortgage, which, as already stated, provided that the note should become due if the property were removed from the state of Texas. There was no positive testimony to the effect that the note was still unpaid, or that it was paid. It was alleged and proven that before its maturity the note was indorsed and delivered to the plaintiff by the proper officer of the City National Bank of Wichita Falls.

"The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports *prima facie* that he acquired it *bona fide* for full value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity ; and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where indeed such proof is

necessary) *prima facie* establishes his case ; and he may there rest it.'' (Daniel, Neg. Inst., 4th ed., § 812.)

We hold that this special finding was not warranted by the law or the facts. Since the two special findings under consideration were clearly improper, the court should have set aside the general verdict and granted a new trial, upon the motion therefor filed by the plaintiff. (*Railway Co. v. Fray*, 31 Kan. 739, 3 Pac. 550 ; *Railway Co. v. Duncan*, 40 id. 503, 20 Pac. 195 ; *Railroad Co. v. Long*, 46 id. 260, 26 Pac. 682.)

The judgment of the district court will be reversed and the cause remanded for a new trial.