## JONES v. WHEELER *et al.*

No. 2153, Okla. T. Opinion Filed May 12, 1909.

(101 Pac. 1112.)

1. **BILLS AND NOTES—Action on Note—Burden of Proof.** In an action upon a promissory note by one other than the payee thereof, where the assignment of the note to plaintiff and his ownership thereof are put in issue, the burden is upon the plaintiff to prove them.

2. **EXECUTORS AND ADMINISTRATORS—Sale of Notes—Authority.** The executors of the estate of a deceased person have no authority to sell and transfer notes belonging to the deceased They are assets of the estate which can be sold only under and by an order of the probate court having jurisdiction of said estate.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by J. B. Wheeler against C. G. Jones. Judgment for plaintiff. On the death of plaintiff, James H. Wheeler and oth-

ers, his executors, revive the action, and Jones brings error. Reversed and remanded.

D. C. *Lewis* and *Chambers & Taylor,* for plaintiff in error, cited: St. Okla. 1893, §§ 1334, 1335; *Belloc v. Rogers,* 9 Cal. 128; *Payne v. Butler,* 18 Cal. 303; *Fallon v. Butler,* 21 Cal. 31; *White v. Moore,* 21 Cal. 44.

J. H. *Everest* and *C. E. Smith,* for defendants in error, cited: *O'Keefe v. Bank,* 49 Kan. 347; *Carnahan v. Lloyd,* 4 Kan. App. 605; *Parker v. Gilmore,* 10 Kan. App. 527; *Hutchinson v. Meyers* (Kan.) 34 Pac. 742.

TURNER, J.    On November 3, 1903, J. B. Wheeler sued C. G. Jones in the district court of Oklahoma county on the following promissory note:

"$769.    June 23, 1896.    On or before one year after date, I promise to pay to the order of W. G. Wheeler, Seven Hundred and Sixty-Nine and 72/100 Dollars, at the office of J. B. Wheeler and Son, Oklahoma City, O. T., value received, with interest at 10% per annum from date until paid. [Signed]   C. G. Jones."

Indorsed on back:

"Without recourse in any event to us. Charles Barrett, Executor for the William G. Wheeler Estate. June 21, 1902. By cash paid by C. G. Jones, $5.00. J. B. Wheeler, by J. H. Everest, His Atty."

For answer Jones admitted its execution, denied plaintiff to be the owner thereof, and pleaded failure of consideration. At the close of the testimony the court directed a verdict for plaintiff upon which judgment was rendered for the debt and costs, after which plaintiff died and the cause was revived in the name of his executors, defendants in error, and brought here by Jones as plaintiff in error by petition in error and case-made. To maintain the issues on his part, plaintiff introduced said note in evidence together with the last will and testament of W. G. Wheeler, the payee therein, proved that in 1898 or 1899 the executor of W. G. Wheeler had sued plaintiff for certain money due said estate, and that in settlement thereof the same had been dismissed

on payment by plaintiff of $12,000, and the sale at its face value and indorsement by said executor to him of the note sued on, and rested his case. It also appeared in evidence, and was practically conceded, that this note was not sold by any order or proceeding of the probate court having jurisdiction of the estate of W. G. Wheeler. There was evidence introduced by defendant tending to show failure of consideration and evidence by plaintiff in rebuttal thereof not necessary to here set forth.

The only assignment necessary for us to consider is that the court erred in instructing the jury to find upon the foregoing evidence that plaintiff was the owner of the note. In support of this contention, it is urged that his ownership being denied, and thus put in issue by sworn answer, the burden of the proof was upon plaintiff to show that he was the owner thereof, which he had failed to do. In this contention we concur. Had plaintiff rested his case after introducing the note in evidence, this would have been *prima facie* evidence that he was the owner thereof, and as such entitled to recover its full face value (*Mann v. National Bank,* 34 Kan. 746, 10 Pac. 150; *Parker v. Gilmore,* 10 Kan. App. 527, 63 Pac. 20; *National Bank v. Emmitt,* 52 Kan. 603, 35 Pac. 213; *Carnahan v. Lloyd,* 4 Kan. App. 605, 46 Pac. 323; *Branch v. National Bank,* 5 Kan. App. 440, 49 Pac. 344; *O'Keefe v. National Bank,* 49 Kan. 347, 30 Pac. 473, 33 Am. St. Rep. 370), and sufficient to cast the burden of proof on defendant; but this he did not do, but went further, and adduced evidence as stated, which we are of the opinion overcame the *prima facie* evidence of ownership thus established. Under St. Okla. 1893, §§ 1334, 1335, no sale of any of the personal property of a deceased will pass a good title without an order of the court. Said sections provide: Section 1334:

"All property of a decedent, except as otherwise provided for homestead and personal property set apart for the surviving wife and husband and minor children shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property,

personal and real, *may be sold as the court may direct,* in the manner herein prescribed."

Section 1335:

"No sale of any property of an estate of a decedent is valid *unless made under order of the probate court,* except as otherwise provided. All sales must be reported under oath, and confirmed by the probate court before the title to the property sold passes."

Our probate system being modeled after, it is probable that these sections were adopted from California. They are, in substance, Code Civ. Proc. §§ 1516, 1517, which were construed by the Supreme Court of that state in *Bovard v. Dickerson,* 131 Cal. 162, 63 Pac. 162. That was an appeal from a judgment in favor of defendant, and from a motion denying plaintiff a new trial. The complaint stated that on June 1, 1885, at Atchison, Kan., defendant executed and delivered his promissory note to J. A. Bovard for $820, due in 90 days, and thereafter, on December 30, 1894, and February 4, 1898, at Stockton Cal., in consideration of said indebtedness signed two several writings acknowledging the same and promising to pay it according to the terms of said note; that said note, writing, and indebtedness were duly assigned to plaintiff ever since which time he alleged himself to be the owner. The answer denied said assignment and ownership. The evidence disclosed that the payee, J. A. Bovard, had died in Missouri in 1894, and that Lucy A. Bovard, appointed in said state as the executor of his estate, attempted to assign and transfer to plaintiff by instrument in writing executed by her as such executrix all claim and cause of action of said estate under said two instruments of writing, and also attempted to assign said promissory note to plaintiff by written indorsement on the back thereof signed by her as executrix. There was nothing to show that such action of the executrix was authorized by an order of the court having jurisdiction of said estate. Nor was there anything to show that said indorsement was made for any purpose other than an absolute sale assignment and transfer to plaintiff as indicated by said written transfer. The court held that the assignment being denied, the burden was upon plaintiff to prove it, and

that he had failed so to do, and on the authority of *Wickersham v. Johnston,* 104 Cal. 407, 38 Pac. 89, 43 Am. St. Rep. 118, and *Rankin v. Newman,* 114 Cal. 635, 46 Pac. 742, 34 L. R. A. 265, held the transfer and assignment of the claim and indebtedness from the executrix to plaintiff without authority of the probate court to be invalid, and affirmed the judgment of the lower court.

In *Wickersham v. Johnson, supra,* plaintiff brought three cases against the defendant, each on a promissory note made by defendant to one John Lancaster, since deceased, a British subject and a resident of England, where he died testate April 21, 1884. The suits were consolidated by consent and judgment rendered for plaintiff thereon, from which defendant appealed. The facts were: That the two sons of John Lancaster were appointed by the will of deceased as the executors thereof and qualified as such. They were also appointed "administrators of the personal estate" of said deceased. That the will was duly probated in an English court, and that on November 15, 1880, said sons as such executors and administrators "sold, transferred, and set over" the same to plaintiff. The Supreme Court held that, as there was no evidence tending to show what the law was in the foreign country touching any of the questions raised in the case, the same was therefore assumed to be the same as in California, under which said laws said executors had no authority to transfer and sell said notes to plaintiff, and in passing said:

"They were assets of the estate of John Lancaster, deceased, and could be sold only under or by an order of the probate court. Section 1517 of the Code of Civil Procedure provides that 'no sale of any property of an estate of a decedent is valid unless made under order of the superior court, except as otherwise provided in this chapter'; and the property involved here is not one of the exceptions. Section 1524 expressly provides that 'choses in action may be sold in the same manner as other personal property.' *Belloc v. Rogers,* 9 Cal. 128"—

and reversed the case.

Nothing appearing in the last will and testament of W. G. Wheeler or by this proceeding of the probate court having juris-

diction of his estate authorizing the sale and transfer to plaintiff of the note sued on, but, on the other hand, it being conceded that no such authority existed, we are of the opinion that no title thereto passed to him from said estate, and for that reason the case is reversed, and remanded for a new trial.

All the Justices concur.