SOUTHWEST GENERAL ELECTRIC CO. v. RIDDLE.

No. 8177—Opinion Filed Aug. 28, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 436.)

1. Bills and Notes—Issue of Ownership—Unverified Answer.

In an action on a promissory note by one other than the payee, where nothing appears, by indorsement or otherwise, indicative of the ownership of such note, an allegation that plaintiff is the owner and holder may be put in issue by an unverified answer.

2. Same—Ownership—Burden of Proof.

Where, in an action against the maker of an unindorsed negotiable instrument payable to order, by other than the payee, the ownership of the instrument is at issue, the duty of the plaintiff to adduce evidence establishing his title is sufficiently discharged by the introduction of such instrument; the possession thereof being prima facie evidence of the title in the holder.

(Syllabus by Bleakmore, C.)

Error from District Court, Grady County; Cham Jones, Judge.

Action by the Southwest General Electric Company against F. E. Riddle. Judgment for defendant; plaintiff brings error. Reversed and remanded.

Seay & Seay and Thos. B. Losey, for plaintiff in error.

Harry Hammerly, for defendant in error.

Opinion by BLEAKMORE, C. The parties appear and are referred to here as in the trial court. On February 25, 1914, plaintiff, commenced this action to recover on a series of promissory notes, made payable to the order of the Hobson Electric Company, signed by the Chickasha Electric Supply Company and the defendant. The petition is in nine counts, substantially alike in all particulars, in each of which, after alleging the execution and delivery of the note to the payee therein, it is averred that plaintiff is the successor of the Hobson Electric Company and the owner and holder of the notes sued on. Defendant answered by general denial, and, admitting the execution of the notes in question, pleaded certain matters as an affirmative defense to the action, the answer being verified after plaintiff had announced ready for trial. The cause was tried to a jury, and at the conclusion of the evidence, both parties moving for an instructed verdict, the court directed a verdict for the defendant, upon which judgment was rendered, and plaintiff has appealed.

The notes, which bore no indorsement of the Hobson Electric Company, were admitted in evidence. Plaintiff also offered certain testimony relative to the execution thereof, and that same had been presented for payment to defendant, who at the time offered no defense, but requested and was given additional time for payment. At the close of such evidence defendant demurred thereto. The demurrer was overruled, and upon its request, plaintiff was permitted to

reopen the case as to the ownership of the notes. For this purpose plaintiff's attorney as a witness identified and offered in evidence the following telegrams:

"Dallas, Texas, 11 A. M. May 26, 1915.

"Mr. Thos. B. Losey, Attorney, Chickasha, Oklahoma. Telegram received. You are authorized to indorse name Hobson Electric Company on notes in your possession for collection. Hobson Electric Company name was changed by amendment to our charter, to Southwest General Electric Company, January first, nineteen thirteen. Southwest General Electric Co., by C. W. Hobson, President, 11:25 a. m."

"Mr. Thos. B. Losey, Attorney, Chickasha, Oklahoma. You are authorized to indorse name Hobson Electric Company on notes of Chickasha Electric Supply Company. Hobson Electric Co., By C. W. Hobson, President, 11:20 a. m."

—and also a letter from the Southwestern Mercantile Agency containing a statement that "the Southwest General Electric Company is successor to the Hobson Electric Company." Such evidence was rejected.

If the answer be treated as unverified, under the circumstances of the case, yet it was sufficient to put in issue the allegation of the petition that the plaintiff was the owner of the notes. In Doughty v. Funk, 24 Okla. 312, 103 Pac. 634, it is held:

"In an action on a promissory note by one as receiver of the indorsee thereof, where nothing appears by way of indorsement or otherwise to indicate the ownership of plaintiff therein, or that said note had passed under his receivership, but there is an allegation in the petition that 'he is the owner and holder of said promissory note as receiver,' held, that such allegation may be put in issue by an answer not verified by affidavit."

In Shipman, v. Porter, 48 Okla. 265, 149 Pac. 901, it is held:

"In an action on a promissory note by one other than the payee, where nothing appears by way of indorsement, or otherwise, to indicate the ownership of the plaintiff therein, but there is an allegation in the petition that plaintiff is the owner and holder of said promissory note, such allegation as to ownership may be put in issue by an answer not verified by affidavit."

The telegram and letter offered in evidence were properly excluded, as they were either irrelevant to the issue or incompetent as hearsay.

Where, in an action against the maker of an unindorsed negotiable instrument payable to order, by other than the payee, the ownership of the instrument is at issue, the duty of the plaintiff to adduce evidence establishing his title is sufficiently discharged by the introduction of such instrument; the possession thereof being prima facie evidence of title in the holder. Jones v. Wheeler, 23 Okla. 771, 101 Pac. 1112; Joyce on Defenses to Commercial Paper, § 402; 3 R. C. L. p. 190. Such is the rule under the provisions of the Negotiable Instruments Law. Callahan v. Louisville D. G. Co., 140 Ky. 712, 131 S. W. 995.

There being competent evidence to establish plaintiff's ownership of the notes in question, the trial court erroneously directed a verdict for defendant. It follows that the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.