### RESERVE LOAN LIFE INS. CO. v. SIMMONS et al.

No. 18726. Opinion Filed Nov. 20, 1928.

Rehearing Denied May 28, 1929.

Second Rehearing Denied July 2, 1929.

Motion to Set Aside Order Denying Second Rehearing Denied Dec. 3, 1929.

Dudley & Roddie and A. A. Kelly, for plaintiff in error.

John A. Pearson, for defendant in error intervener.

REID, C. The plaintiff, Reserve Loan Life Insurance Company, a corporation, on March 1, 1926, filed its petition in the district court of Marshall county against N. H. Simmons and his wife, Matilda E. Simmons, and sundry other parties therein named as defendants, alleging in substance:

That on February 8, 1919, Simmons and wife executed and delivered to Aurelius Swanson Company, Inc., their promissory note for $6,500, payable December 1, 1928, with interest at the rate of 6 per cent. per annum, payable annually, evidenced by ten interest coupons attached to said note, signed by said makers, and in the sum of $390 each; that interest coupon note No. 7, due December 1, 1925, was unpaid; that Simmons and wife, on the same date as of said note, gave Aurelius Swanson Company a mortgage on certain lands in Marshall county, described in said petition, to secure the payment of said notes and the interest coupons: that thereafter said Aurelius Swanson Company, for a valuable consideration, transferred and sold said notes to the plaintiff, and by its written assignment transferred the mortgage to it; and that plaintiff was the owner of said principal indebtedness and said seventh installment interest note; that by the terms of the mortgage, the failure to pay said interest at maturity gave plaintiff the option to declare the whole debt secured by the mortgage to be then due. which option it elected to exercise; and plaintiff prayed judgment against the defendants, Simmons and wife, for the amount due on said indebtedness, and foreclosure

of its mortgage against all the defendants with decree declaring the mortgage to be a first lien, as against all the defendants.

Thereafter, the Everest-Porter Mortgage Company, a corporation, was permitted to file a plea of intervention in the suit, wherein it admitted the execution and delivery by Simmons and wife of the principal note, coupons, and mortgage securing the same and the assignment to plaintiff, as alleged in plaintiff's petition; but further alleged that the plaintiff for full value sold and delivered to the intervener the interest coupon notes maturing December 1, 1922, 1923, and 1924, respectively; admitted credit paid by Simmons, and prayed for judgment against Simmons and wife for the balance due on its coupon notes, and for decree finding intervener's note a lien prior to all others, including plaintiff's, on the real estate described in plaintiff's petition. The plaintiff, as the corrected record now stands, filed an answer to the intervener's petition, as follows:

"Comes now the plaintiff herein, and for its answer to the petition in intervention filed herein by the intervener, Everest-Porter Mortgage Company, a corporation, denies each and every affirmative allegation contained in said petition in intervention not consistent with plaintiff's petition herein, and demands strict proof of the allegations therein contained."

The case proceeded to trial without a jury upon the issues thus made between the plaintiff and intervener. Plaintiff put in evidence the principal note, coupon notes, and mortgage sued on, assignment of the mortgage to plaintiff, and rested. The intervener then asked for judgment on the pleadings, which was denied, whereupon it offered in evidence the coupon notes described in his plea of intervention, to which the plaintiff objected on the ground that the ownership of them by the intervener was raised "by this denial," and that until this proof was made, they were not admissible. This objection was overruled and the notes admitted. Plaintiff then demurred to the evidence of the intervener, and the intervener moved for judgment. The court then asked counsel for plaintiff if he was standing on his demurrer, and he replied that he was, and the court then overruled the demurrer, whereupon the plaintiff excepted and made this offer of testimony:

"The plaintiff wishes to prove that the Everest-Porter Mortgage Company voluntarily paid to the Reserve Loan Life Insurance Company these interest coupon notes, and that they did not purchase or do not own the purported coupons, but made payment voluntarily of the interest coupons when they came due."

The admission of this testimony was denied by the court, to which the plaintiff excepted, and the court thereupon entered judgment for the intervener for the amount due upon its coupon notes, finding they were a first lien upon property described in plaintiff's petition, and gave judgment to the plaintiff for the amount of its indebtedness, the foreclosure of its mortgage, and directed the proceeds of the sale to be first applied to intervener's debt and then to plaintiff's. After unsuccessful motion for new trial, plaintiff appealed.

The first assignment of error presented by plaintiff in its brief is, that the court erred in admitting incompetent evidence for the intervener over the objection of plaintiff, and in connection with this assignment presented the proposition that when the ownership of a note is denied, on which suit has been brought, by other than the payee in the note, the burden of proof is on the plaintiff to prove he is the owner of the note, before the note should be admitted in evidence.

The notes introduced by intervener sufficiently show that they were three of the series of notes for the interest due upon the principal note sued on by plaintiff, and they also coincide with the interest coupons of plaintiff in such way as to show this fact. The notes were indorsed as follows:

"Pay to the order of _____
"With recourse,
"Aurelius Swanson Co. Inc."

If the answer of the plaintiff was sufficient to raise the question of the ownership of these notes offered by intervener, and thereby place the burden on intervener to show such ownership, the intervener having them in its possession, with a blank indorsement of them, it was entitled to introduce them in evidence without other evidence of ownership, and when they were so introduced, it thereby made a prima facie case of recovery on the notes.

The doctrine controlling the situation here presented is stated in 3 R. C. L., section 190, p. 980, as follows:

"The possession and production of a note uncanceled and unextinguished, by indorsement of payments or otherwise, is prima facie evidence that the holder is the owner, and that the note is unpaid. Indeed, the doctrine that the production of a promissory note at the trial of an action to recover the amount of it is sufficient proof of the plain-

tiff's ownership is too well settled now to be questioned. For the purposes of this doctrine, as a general rule, possession by the attorney of a party is possession by the party. The theory of negotiable instruments, and their currency from hand to hand, like bank notes, rests upon the proposition that they appear to belong to the person having them in possession, and to no one else. Obviously, under this rule, the possession of a note or other negotiable instrument, payable to bearer, is prima facie evidence of legal title in the holder. And similarly, the possession of an instrument indorsed in blank, gives rise to a presumption of legal title in the holder. As every person possessing himself of the instrument may fill in its blank space, and make it payable to himself, through the voluntary act of the maker, the holder is presumed to be the owner."

In the case of Southwest General Electric Co. v. Riddle, 66 Okla. 202, 168 Pac. 436, the suit was brought by said company as plaintiff, and the notes were made payable to the Hobson Electric Company and the notes admitted in evidence showed no indorsement whatever by the payee. After the notes had been introduced by the plaintiff, the defendant demurred to the testimony, which demurrer was overruled, and plaintiff was permitted to reopen its case as to the ownership of the notes, and sought to prove such ownership in the plaintiff by the introduction of telegrams showing that the Hobson Electric Company had changed its name to that of the plaintiff by amendment of its charter. This court held that evidence inadmissible, but also held that upon introduction of the notes from the possession of the plaintiff a prima facie case of ownership was thus made, saying:

"Where, in an action against the maker of an **unindorsed** negotiable instrument payable to order, by other than the payee, the ownership of the instrument is at issue, the duty of the plaintiff to adduce evidence establishing his title is sufficiently discharged by the introduction of such instrument; the possession thereof being prima facie evidence of title in the holder. Jones v. Wheeler, 23 Okla. 771, 101 Pac. 1112; Joyce on Defenses to Commercial Paper, par. 402; 3 R. C. L. p. 190. Such is the rule under the provisions of the Negotiable Instruments Law. Callahan v. Louisville D. G. Co., 140 Ky. 712, 131 S. W. 995."

It is apparent from reading this case that the only competent evidence in that case showing ownership of the notes in plaintiff was its possession, but the court in reversing the judgment for defendant said:

"There being competent evidence to establish plaintiff's ownership of the notes in question, the trial court erroneously directed a verdict for defendant."

It will be observed that in that case no indorsement appeared upon the notes, but in the case under consideration a blank indorsement by the payee is shown; therefore, the present case is stronger.

The foregoing case cites with approval Jones v. Wheeler et al., supra. In that case the note sued on was made payable to W. G. Wheeler, and was indorsed as follows:

"Without recourse in any event to us. Charles Barrett, Executor for the William G. Wheeler Estate."

Suit was brought against the maker, C. G. Jones, by J. B. Wheeler. Jones admitted the execution of the note, denied plaintiff to be the owner thereof, and pleaded failure of consideration. In the opinion, the court said:

"The only assignment necessary for us to consider is that the court erred in instructing the jury to find upon the foregoing evidence that plaintiff was the owner of the note. In support of this contention, it is urged that his ownership being denied, and thus put in issue by sworn answer, the burden of the proof was upon plaintiff to show that he was the owner thereof, which he had failed to do. In this contention we concur. Had plaintiff rested his case after introducing the note in evidence, this would have been prima facie evidence that he was the owner thereof, and as such entitled to recover its full face value (Mann v. National Bank, 34 Kan. 746, 10 Pac. 150; Parker v. Gilmore, 10 Kan. App. 527, 63 Pac. 20; National Bank v. Emmitt, 52 Kan. 603, 35 Pac. 213; Carnahan v. Lloyd, 4 Kan. App. 605, 46 Pac. 323; Branch v. National Bank, 5 Kan. App. 441, 49 Pac. 344; O'Keefe v. National Bank, 49 Kan. 347, 30 Pac. 473, 33 Am. St. Rep. 370), and sufficient to cast the burden of proof on defendant; but this he did not do, but went further, and adduced evidence as stated, which we are of the opinion overcame the prima facie evidence of ownership thus established."

It follows that the assignment just discussed presents no error, nor does the further assignment that the court erred in overruling the demurrer of plaintiff to the evidence of the intervener, as that presents the same proposition of law.

The next assignment of error complains that the court erred in refusing to permit the plaintiff to introduce evidence in answer to the evidence of intervener, and thereunder presents the proposition that interposing a demurrer to the evidence by a party to the suit does not preclude such party from introducing evidence in the event the demurrer is overruled. In reply

to this, the intervener, in his brief, says that it was not error in this case for the reason that the evidence offered by plaintiff was in substance to the effect that intervener's notes had been paid, and plaintiff, not having pleaded their payment under the issues as they then stood in the case, was not entitled to show payment.

When we examine the tendered evidence of plaintiff, it seems clear to us that its only effect is to show payment of intervener's notes. And looking to the answer of plaintiff made to the plea in intervention, we find that it is, when construed most favorably to plaintiff, only a general denial. We are therefore confronted with the proposition as to whether plaintiff was entitled to show payment under such plea.

The general rule applicable to the foregoing question is stated in 30 Cyc., page 1253, as follows:

"Payment is an affirmative defense which cannot be relied upon unless expressly pleaded, and cannot be shown under a general denial."

And in 21 R. C. L. section 127, page 115, we find this statement:

"Under the code system of pleadings, payment is new matter constituting a defense, and must be pleaded by the defendant, and it cannot be proven under a general denial, either in bar or mitigation of recovery."

This court has concisely stated this rule in the case of Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846, as follows:

"Payment is an affirmative defense, and to be available, must be expressly pleaded. It cannot be shown under a general denial."

And this is held to be the law in the following cases: Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 Pac. 244; Ince Nursery Co. v. Sams, 73 Okla. 138, 177 Pac. 370; Lawless v. Tuthill, 97 Okla. 210, 223 Pac. 613; Winton v. Myers, 8 Okla. 421, 58 Pac. 634; Higgins v. Street, 19 Okla. 42, 92 Pac. 115.

Under the foregoing authorities, it seems plain that the evidence tendered by the plaintiff was inadmissible under the issues made by the pleadings in the case, and therefore the court did not err in refusing the request to introduce such testimony.

It follows, from the conclusions here reached, that the case should be affirmed.

BENNETT, TEEHEE, LEACH, and JEFFREY, Commissioners, concur.

HERR and FOSTER, Commissioners, dissent.

By the Court: It is so ordered.