[No. 11238.   Department One. — April 30, 1888.]

CHARLES F. BURHAM, APPELLANT, v. SAN FRAN-
CISCO FUSE MANUFACTURING COMPANY, RE-
SPONDENT.

CORPORATION — DISSOLUTION AT INSTANCE OF STOCKHOLDER. — The facts
  that the officers of a corporation had refused to allow a stockholder to
  inspect its account-books, that it is carrying on a losing business, and
  that the directors had levied an assessment for the purpose of compelling
  the stockholder to dispose of his stock, are insufficient to entitle the
  stockholder to maintain an action for the dissolution of the corporation.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
setting aside a restraining order.

The action was brought by the plaintiff, a stockholder
in the corporation defendant, to restrain the sale of his
stock for a delinquent assessment, and for the appoint-
ment of a receiver to take charge of and wind up the af-
fairs of the defendant.   The court granted a preliminary
restraining order, which was afterwards set aside, and
judgment rendered in favor of the defendant.   The fur-
ther facts are stated in the opinion of the court.

*J. C. Bates*, for Appellant.

The plaintiff had a right to inspect the books and
papers of the defendant.   (*People* v. *Throop*, 12 Wend.
183; *Cotheal* v. *Brouwer*, 5 N. Y. 566; Taylor on Private
Corporations, sec. 565.)

*James A. Waymire*, and *W. T. Baggett*, for Respondent.

McKINSTRY, J. — The complaint avers that on the
sixth day of April, 1885, the board of directors of the
defendant passed an order whereby they levied an assess-
ment, No. 10, of two dollars a share on the capital stock
of said corporation, payable, etc.; that the order con-
tained a notice that "any stock upon which this [said]

assessment shall remain unpaid on the eleventh day of May, 1885, will be delinquent, and advertised for sale at public auction, [and] unless payment be made before, will be sold on Friday, the twenty-ninth day of May, 1885, to pay said delinquent assessment, together with the cost of advertising and the expenses of sale"; that on the twelfth day of May, 1885, a delinquent list or notice was published by defendant in the Daily Examiner, a daily newspaper, etc., a copy whereof is annexed to the complaint; that, unless restrained, the defendant will, at the time and place mentioned in the notice, sell the one hundred shares alleged to belong to the plaintiff.

So far as appears from the complaint, the order levying the assessment and the publication comply with the provisions of the Civil Code.

In addition, however, to the prayer for a decree enjoining the sale, the plaintiff prays "that a receiver be appointed to take charge of and *wind up* the affairs of the said corporation defendant."

This last decree seems to be sought upon the averments that the defendant's secretary, on a certain day, refused to show plaintiff "the vouchers and bills paid or payable, so that he might learn and know the financial condition of defendant"; that the secretary, on a certain day, testified in an action between these parties that the corporation had no reputation or good-will of any value, "but that it was a worthless concern as it stands"; and that, according to plaintiff's information and belief, the defendant is not making gain, but is running behindhand, and will continue to do so, "the way it is now managed," owing to the low price of fuse, etc. The further allegation that the real object of the defendant and its directors is to get the plaintiff's stock for the assessment is hardly a cause of complaint, if the concern is worthless. If in this state a corporation may be dissolved at the suit of a stockholder, the court below was justified in refusing such decree upon the facts alleged in the present com-

plaint.   (Civ. Code, sec. 377;  Taylor on Private Corporations, 610, 611.)

The demurrer was properly sustained.

Judgment and order affirmed.

Searls, C. J., and Paterson, J., concurred.