[L. A. No. 773.   Department Two.—December 28, 1900.]

## THE PEOPLE, Appellant, v. ROSENSTEIN-COHN CIGAR COMPANY et al., Respondents.

QUO WARRANTO—CORPORATION—COMMENCEMENT OF BUSINESS—INJURY NOT SHOWN.—In an action of *quo warranto* to deprive a corporation of its charter, upon the alleged ground that it did not commence the transaction of its business within one year from its date, where the court finds upon sufficient evidence that the corporation organized and commenced the business for which it was incorporated immediately after the issuance of its certificate of incorporation, and thereafter continued to operate the same, and that none of its acts were injurious to the public, nor to any persons interested in the corporation, the corporation and its organizers are entitled to judgment.

ID.—LEVY OF ASSESSMENTS—ILLEGALITY.—The levy of assessments upon the shareholders for the purpose of compelling them to contribute money for the benefit of the corporation, even if it be assumed that they are illegally levied, is not cause for dissolving the corporation.

ID.—EVIDENCE—TESTIMONY OF STOCKHOLDER—AMOUNT OF INTEREST.—Where a stockholder of the corporation was called as a witness for the plaintiff, it is not error to overrule a question as to the amount of his interest in the property of the corporation.

ID.—RECORDS OF CORPORATION—COMPETENCY OF EVIDENCE—GOOD FAITH.—The minute-book of the corporation, and testimony relating to resolutions, meetings, adoption of by-laws, and as to who were the stockholders and the shares held by each, are competent evidence as tending to show that the corporation was organized and doing business, and to show its place of business, the nature of the business transacted, the meetings of the directors, and other matters indicating the good faith of the corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney General, and Graves, O'Melveny & Shankland, for Appellant.

Henry C. Dillon, Dillon & Dunning, and A. Heyneman, for Respondents Other than E. Cohn.

E. Cohn, Respondent *in pro. per.*

COOPER, C.—This appeal is from a judgment in favor of defendants and from an order denying plaintiff a new trial.

The proceeding is in the nature of a *quo warranto* by the attorney general to deprive the defendant, a corporation, of its corporate charter and procure its dissolution. The principal ground, as we gather from the complaint, upon which it is claimed the corporation should be deprived of its charter is that it did not proceed to organize and commence the transaction of business within one year from the date of its incorporation, as provided in Civil Code, section 358: "If a corporation does not organize and commence the transaction of its business or the construction of its works within one year from the date of its incorporation, its corporate powers cease." It is alleged that on the nineteenth day of December, 1894, articles of incorporation were filed with the county clerk of Los Angeles county by the M. L. Polaski Company, Limited, which set forth the object and purposes of the corporation, the place of business, the term for which it was to continue, the names of five directors, the capital stock, the number of shares subscribed, and the amount subscribed by each director.

That the said articles were subscribed and acknowledged by the five directors, and a certified copy thereof sent to the secretary of state, and that the secretary of state issued to said M. L. Polaski Company, Limited, the usual certificate, under the great seal of the state, showing "that a copy of the articles" containing the required statement of facts had been filed in his office.

The complaint then proceeds to allege "that no other, further, or different steps in the organization of said corporation were taken; no by-laws were adopted, no officers were elected, no record was kept embracing the acts done, or who were present and who absent, no stock and transfer book was kept, and no meetings of the directors were had." It is not alleged that the said M. L. Polaski Company, Limited, did not organize within the year, nor is there any allegation as to when it commenced the transaction of its business. It is further alleged that a petition was filed in the superior court of Los Angeles

county, on the twenty-fourth day of May, 1897, for change of name of the said M. L. Polaski Company, and that "upon proceedings had therein an order was made and entered on June 29, 1897, changing the name of said corporation to the Rosenstein-Cohn Cigar Company, the present defendant."

No attempt is made to allege that the defendant, under its present name, did not organize and commence business within one year after June 29, 1897. On the contrary, it is alleged that after the order so changing the name the corporation "carried on business in the city of Los Angeles, county and state aforesaid, as cigar dealers under the name of Rosenstein-Cohn Cigar Company, claiming to be a corporation." It is further alleged that "the exercise of corporate power by the defendants, or any of them, is contrary to the statutes of the state of California, and each and every exercise of said corporate power subsequent to the lapse of one year from the date of its incorporation has been, as to the people of the state of California, void and of no effect."

The prayer for judgment asks "that said corporation did not organize within one year from the date of its incorporation, and that its corporate powers ceased at the expiration of the said year."

The evident intention of the pleader was to show that the corporation, while using the name M. L. Polaski Company, Limited, did not, within one year from the date of its incorporation, organize and commence the transaction of its business. We may, for the purposes of this case, concede that the complaint so alleges, and that such facts would entitle the plaintiff to judgment depriving the corporation defendant of its charter. But the court found: "The said corporation adopted and used a seal in due form of law. The said corporation organized and commenced the business for which it was incorporated immediately after the issuance of said certificate of incorporation, and by the twenty-first day of December, 1894, and ever since that time, has continued to operate and is now operating the same."

It is claimed by plaintiff that the above finding is not supported by the evidence. We have carefully examined the evidence and find in it sufficient to support the finding.

The witness Rosenstein testified that he was secretary of the M. L. Polaski Company, and further said: "We adopted by-laws the same week of the incorporation. . . . . The by-laws were in the safe. . . . . Right away after the incorporation of the M. L. Polaski Company we organized by electing officers. It was within thirty days, and the by-laws were adopted within thirty days. We transacted business right away. The company had a seal. The corporate meetings were held at the cigar store regularly."

The witness Robertson was bookkeeper for the M. L. Polaski Company, Limited, from the time it was incorporated until its name was changed. He testified: "I was there just about the time the articles of incorporation were filed. I started a set of books; . . . . from the 21st of December, the date of the incorporation, the business went right along at the old stand buying and selling tobacco, cigars and articles."

The witness Polaski testified: "We were conducting business at the same place as a partnership before the corporation was formed. . . . . After the incorporation the business went right along as before, so far as the selling of goods was concerned. Q. Did you organize a board of directors then by the election of officers? A. I think so. Q. Did you commence business? A. Yes, sir."

The above evidence not only supports the finding, but is uncontradicted, and upon the finding defendants were entitled to judgment.

The court, after certain other findings, found: "That none of their said acts were injurious to plaintiff, nor prejudicial to the interests of the relator, the said defendant E. Cohn, or any of the stockholders or creditors of said corporation." We think, treating last-named finding as a conclusion of law, that it is correct and entitles defendants to judgment. The courts treat a franchise as a trust, and the terms of the charter of a corporation are the conditions of the trust. A forfeiture of the charter takes place when some one or more of the essential conditions of the trust are violated. (*People v. Dashaway Assn.*, 84 Cal. 119.) It is said in the above case that cases of forfeiture are divided into two classes: "1. Cases of perversion; as where a corporation does an act inconsistent with the nature and

destructive of the ends and purposes of the grant. In such cases, unless the perversion is such as to amount to an injury to the public who are interested in the franchise, it will not work a forfeiture. 2. Cases of usurpation; as where a corporation exercises a power which it has no right to exercise. In this last case the question of forfeiture is not dependent, as in the former, upon any interest or injury to the public."

In the case at bar, it is not pretended that the corporation has usurped a power which it had no right to exercise, and therefore the second class of cases referred to has no application to this case. The evidence shows, and the court found, that the corporation proceeded to carry out the ends and purposes of the grant of its franchise by organizing and commencing business within the year, but aside from this there is no evidence in any manner tending to show an injury to the public. The complaint alleges that certain assessments have been levied upon the capital stock of the corporation, and that said assessments were levied "for the purpose of compelling the stockholders thereof to contribute money for the benefit of said corporation." We know of no reason why assessments may not, in proper cases, be levied upon the capital stock for the benefit of a corporation. If we assume that the assessments were illegally levied, this was not a cause for dissolving the corporation. (*Burnham v. San Francisco Fuse Mfg. Co.*, 76 Cal. 24.) It is not necessary to examine the many specifications of the insufficiency of the evidence to sustain other findings upon immaterial matters. The finding quoted and discussed disposes of the vital issue in the case. The plaintiff called one Polaski as a witness. It appeared from his testimony that he was a stockholder and one of the subscribers of the articles of incorporation of the M. L. Polaski Company, Limited. That he retired May 20, 1897. He was then asked by plaintiff: "Q. What interest in the property was then determined to be your interest?" The court sustained an objection to the question, and it is claimed that the court erred in so doing. We think the ruling correct. The amount of interest of the witness in the property of the corporation was not the subject of investigation. It could not possibly throw any light upon the issue as to whether or not the corporation organized and commenced

business within one year after it incorporated. There was no error in overruling plaintiff's objection to the minute-book of the corporation. It does not appear that the book was read or considered in evidence, but if we assume that it was so read in evidence it was competent. It tended to show the organization of the corporation, its place of business, the nature of the business transacted, the meetings of directors, and other matters as to the good faith of the corporation. There was no question raised as to the identity, genuineness, and regularity of the minutes.

Other objections are made to the overruling of plaintiff's objections to testimony, but counsel has not seen fit to discuss them to any extent and does not seem to rely upon them. The testimony to which objection was made relates to resolutions, meetings, the adoption of by-laws, who were the stockholders, and the shares held by each. It all tended to show that the corporation was organized and doing business, and was therefore competent and material on the issue presented by the pleadings. We discover no error of sufficient importance to justify a reversal of the case.

It follows that the judgment and order should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

                    Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.