### BRUNER et al. v. CARR.

No. 27706.    March 29, 1938.

Edwin A. Ellinghausen, for plaintiffs in error.

R. E. Stephenson, for defendant in error.

RILEY, J. This is an action by L. H. Carr to recover upon certain unindorsed notes and to foreclose a certain mortgage given as security therefor executed by Joseph Bruner and Maggie E. Bruner. Defendants demurred to plaintiff's evidence; it was overruled and judgment was for plaintiff. From an order overruling defendants' motion for a new trial, this appeal is taken. The parties will be referred to as they appeared below.

In his petition plaintiff alleged:

That on October 23, 1929, the defendants executed two promissory notes, each in the sum of $2,000, secured by mortgages upon lands located in Seminole and Roger Mills counties, payable to the Sapulpa State Bank of Sapulpa, Okla.; that on November

27, 1929, the State Bank Commissioner declared the Sapulpa State Bank insolvent and placed the same in liquidation. In due time a portion of the assets of said bank, including the notes and mortgages herein involved, were sold at public auction to a partnership composed of the plaintiff L. H. Carr, W. L. Elson, C. E. Lambert and Paul M. Bush; that thereafter a dispute arose between the partners, and in an accounting action against Paul M. Bush, by the other partners, in the district court of Creek county, it was adjudged that title to the instruments herein involved was vested in L. H. Carr, plaintiff; that defendants had refused to pay any portion of said indebtedness.

Plaintiff prayed judgment for the principal, interest, and attorney fees in the sum of $6,600.

Defendants filed a motion requesting the petition be made more definite and certain by setting out: (1) The assignment and evidence of sale of the notes and mortgages by the Bank Commissioner to the above partnership; (2) the order of the district court of Creek county confirming said sale; and (3) all pleadings necessary to show jurisdiction in said district court, and a copy of the decree purporting to vest title in L. H. Carr.

The motion was overruled.

In their joint, unverified answer the defendants denied that plaintiff was the owner of said notes and mortgages; that said partnership became the owner of said notes and mortgages at a purported Bank Commissioner's sale; and without admitting that the ownership of the notes and mortgages was in the plaintiff, they further denied that the amount alleged due and owing was correct.

At the trial defendants admitted the execution of the notes in controversy, and they were admitted in evidence.

Defendants first argue that the court erred in overruling the motion to make plaintiff's petition more definite and certain.

In their brief defendants recognize the rule in this jurisdiction that a motion to make more definite and certain is addressed to the trial court's discretion, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed.

We have examined all the authorities cited by defendants in support of this proposition, and find that they wholly fail to sustain their contention.

The defendants next contend the court erred in overruling defendants' demurrer to the evidence of the plaintiff.

Plaintiff offered in evidence copies of the order for hearing petition for sale of assets, order of sale, order for hearing return of sale, petition for order confirming sale of assets and order confirming sale of assets from case No. 18598, district court of Creek county, entitled In re Liquidation of the Sapulpa State Bank. Plaintiff then offered in evidence a copy of an order appointing a receiver in Re L. H. Carr et al. v. Paul Bush, No. 21431, district court of Creek county, and directing the defendant Paul M. Bush to deliver to the receiver all assets of the defunct Sapulpa State Bank in his possession.

The above instruments, taken from the files in each case as found in the office of the court clerk of Creek county, were identified by a deputy court clerk thereof in a deposition.

The defendants argue that the admission of this evidence was error because the witness was testifying from precedents or praecipes for orders and journal entries of judgments found in the files in each case, that she should have testified from the journal records of the trial court, or that properly authenticated copies of the journal kept by the clerk should have been introduced.

Defendants argue, and rightly so, that the court, when considering a demurrer to the evidence, will not consider incompetent evidence admitted over objection. They then contend that when the evidence, improperly admitted herein, is excluded, the remaining evidence in favor of the plaintiff, with all the inferences that may reasonably be drawn therefrom, is insufficient to establish ownership of the notes in the plaintiff.

With this contention we cannot agree.

In the case of Southwest General Electric Co. v. Riddle, 66 Okla. 202, 168 P. 436, in the second paragraph of the syllabus it is stated:

"Where, in an action against the maker of an unindorsed negotiable instrument payable to order, by other than the payee, the ownership of the instrument is at issue, the duty of the plaintiff to adduce evidence establishing his title is sufficiently discharged by the introduction of such instru-

ment; the possession thereof being prima facie evidence of the title in the holder."

Under the above case it was unnecessary for plaintiff to introduce the records from Creek county. His attempt to do so, whether proper or improper, did not destroy the prima facie case established when he introduced the notes and mortgages.

The above holding disposes of defendants' remaining contentions. The judgment of the trial court should be, and hereby is, affirmed.

BAYLESS, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.